## JAMES KLAWANSKI *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 20, 1905.*

1. CRIMINAL LAW—*bad indictment may be attacked after plea of guilty.* By a plea of "guilty" the accused confesses only that he is guilty in manner and form as charged in the indictment, and if the indictment charges no criminal offense, or is otherwise fatally defective, it may subsequently be attacked on writ of error.

2. INDICTMENT—*indictment for forging theatre pass must aver that the entertainment was not free.* An indictment, under section 105 of the Criminal Code, for forging a theatre pass on a certain date, must allege that the entertainment on that date was one for which a consideration was required, such being the language of the statute.

3. SAME—*what should be averred in an indictment for forging a theatre pass.* An indictment for forging a theatre pass should allege that the person whose name was forged had authority to issue such a pass and should show by proper averment who would be actually defrauded, and it is not sufficient that the name of the latter appears in the copy of the pass set out in the indictment, followed by the words "Sole Prop.," and that the name of the former appears in such copy, preceded by the words "Adv. Agent."

WILKIN, BOGGS and HAND, JJ., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

CANTWELL & ERBSTEIN, and CHARLES P. R. MACAULAY, for plaintiff in error.

WILLIAM H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, for the People.

Mr. JUSTICE RICKS delivered the opinion of the court:

Plaintiffs in error, James Klawanski and Walter Council, were indicted in the criminal court of Cook county for forging and uttering as true and genuine a certain false and counterfeited complimentary theatre pass, with intent to defraud, etc. Upon being arraigned they pleaded guilty and

were each sentenced to the penitentiary. After sentence they moved in arrest of judgment, and the court overruled the same. This writ of error is sued out to review the record of that proceeding.

But two questions are raised: First, as to the sufficiency of the indictment; second, whether the sufficiency of the indictment can be urged for the first time after plea of guilty.

Both counts of the indictment are substantially the same, and charge, in substance, as follows: "The grand jurors * * * present that one James Klawanski and one Walter Council * * * on December 21, 1904, in said county of Cook, in the State of Illinois, did feloniously, fraudulently and falsely make, forge and counterfeit a certain complimentary theatre pass, which said false, forged and counterfeit complimentary theatre pass is in the words and figures following, to-wit:

" 'McVicker's Theatre.

Jacob Litt, *Sole Prop.*                   Sol. Litt, *Bus. Mgr.*
Admit Two—Date Dec. 21, 1904.             Order No. 344.
On Account...................................,

" '*Notice*—This is a complimentary pass, given in consideration for displaying our advertisement at the above number, and the management reserves the right to refuse admission if presented by any objectionable person, and positively not good if bought or sold or misused in any manner.       *Adv. Agent,* JAMES BATLES.'

—with intent then and there to prejudice, damage and defraud Jacob Litt; and the grand jurors aforesaid, upon their oaths aforesaid, do say that by reason of the premises aforesaid the said James Klawanski and the said Walter Council are deemed guilty of forgery contrary to the statute and against the peace and dignity of the same People of the State of Illinois."

The statute governing the offense charged is section 105 of the Criminal Code, which, so far as is material to this case, is as follows: "Every person who shall falsely make, alter, forge or counterfeit any * * * ticket or pass * * * for the admission of any person to any entertainment for

which a consideration is required, * * * shall be imprisoned in the penitentiary not less than one year nor more than fourteen years."

The complimentary ticket was good only for December 21, 1904. The statute reads, "to any entertainment for which a consideration is required." Certainly a court could not take judicial notice of the fact that a consideration was required for the admittance of persons on the night of December 21, 1904, for an entertainment. Managers and owners of theatres have various kinds of entertainments for which tickets are issued where no fee is charged for admittance. Frequently theatres are used for the purpose of political and religious meetings, for which no fee is charged for admittance, and yet the parties managing the entertainment, whatever it may be, might issue tickets, and no person would be allowed to enter the hall without first presenting a ticket issued by the managers or persons in charge.

Nor is any averment made in the indictment with reference to Jacob Litt or James Batles, as to who they are. It is not shown by any averment in the indictment, except that Jacob Litt's name appears as sole proprietor on the McVicker stationery, upon which the pass was written. This is not sufficient to inform a person as to who Jacob Litt is or in what capacity he was acting. He might have been the sole proprietor of the theatre and yet not be the person in charge and managing the theatre and who would actually be defrauded. Nor is there any averment that James Batles had authority to issue complimentary tickets for entertainments at the theatre, and unless he had authority to issue such complimentary tickets it certainly would not be forgery to attach his name to the supposed pass. Without such averments we are unable to see how the indictment could be held to be good.

As to the second proposition, that the sufficiency of the indictment cannot be urged after a plea of guilty, we see no

good reason why advantage cannot be taken of a bad indictment upon writ of error after judgment of the court, the same as could advantage be taken of a bad declaration or faulty bill in equity; and while in suits at law a verdict will aid a defective statement of a good cause of action, yet .the verdict will not aid a statement of a defective cause of action. (*Chicago and Alton Railroad Co.* v. *Clausen,* 173 Ill. 100.) And judgments at law or decrees in equity can be taken advantage of, after a judgment or decree, if a defective cause of action is stated and is not sufficient to sustain a judgment or decree. The indictment is the foundation for the judgment of the court in a criminal proceeding, the same as a declaration or bill in equity in a civil action. Besides, as is said in 1 Bishop's New Criminal Procedure, (sec. 795) : "The effect of a plea of guilty is a record admission of whatever is well alleged in the indictment. If the latter is insufficient it confesses nothing." By a plea of guilty the accused simply confesses that he is guilty in manner and form as charged in the indictment, and if the indictment charges no criminal offense, or is otherwise fatally defective, it may be subsequently attacked on that ground. (12 Cyc. 353.)

We are of the opinion that without the allegation in the indictment, "to any entertainment for which a consideration is required," or its equivalent, the indictment did not state a cause of action against the plaintiffs in error, and being of the opinion that the indictment is otherwise faulty as above stated, it was not sufficient upon which to enter a judgment. And as we are of the opinion that advantage can be taken of a bad indictment after a plea of guilty, the judgment of the lower court must necessarily be reversed and remanded with instructions to discharge the plaintiffs in error.     *Reversed and remanded.*

WILKIN, BOGGS and HAND, JJ., dissenting.