THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES E. BRANDER, Plaintiff in Error.

*Opinion filed February 16, 1910.*

1. ASSOCIATIONS—*private joint stock company is merely partnership.* A joint stock company, when not organized under any statute, is a purely voluntary association of individuals, governed by the same rules of law as any other partnership.

2. SAME—*the word "association" does not necessarily mean a joint stock company.* The word "association" is one of vague meaning, used to indicate a collection of persons who have joined together in some common enterprise, but the mere word itself does not raise any implication that the body so described possesses the attributes of a joint stock company organized under some statute.

3. EMBEZZLEMENT—*the ownership of property embezzled must be alleged with accuracy.* The ownership of property embezzled must be alleged with the same accuracy as is required in an indictment for larceny unless the rule is modified by statute.

4. SAME—*mere averment that the owner of property is an association is not sufficient.* An averment in an indictment that the property embezzled, stolen or concealed was the property of the "American Express Company, an association," without alleging incorporation or such facts as would show that such company could own property by that name, will not sustain a conviction.

5. SAME—*when question whether an indictment should allege names of members of association does not arise.* Where an in-

dictment alleging the ownership of the property embezzled, stolen or concealed to be in the "American Express Company, an association," contains no averment that such company was a co-partnership, the question whether it would be necessary to allege the names of partners had such averment been made does not arise.

6. INDICTMENT—*in drawing indictments attention should be paid to rules of law.* In determining the sufficiency of indictments the courts must abide by long established and well known rules of law, and parties engaged in drawing indictments should give reasonable attention to such rules.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

M. EMMET CLARE, for plaintiff in error:

Each count in the indictment is defective for failure to aver that the American Express Company, "an association," is a corporation, or if a body of persons by a company name, then for failure to aver the persons composing the company and the names of such persons. *Wallace* v. *People,* 63 Ill. 451; *Staaden* v. *People,* 82 id. 432.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (THOMAS MARSHALL, and W. A. RITTENHOUSE, of counsel,) for the People:

The only question arising upon the record is the sufficiency of the averment of ownership of the money set out in the indictment. The ownership of the money is averred to be in the American Express Company, "an association." It will be presumed that whatever evidence might be necessary to support the verdict was produced. *Thompson* v. *People,* 125 Ill. 256; *Dougherty* v. *People,* 124 id. 557; *Holmes* v. *People,* 5 Gilm. 478; *Gill* v. *People,* 42 Ill. 321; *Earll* v. *People,* 73 id. 329; *Graham* v. *Dixon,* 3 Scam. 115.

Proof of "an association" as a "new kind of artificial person" is sufficient. *Hill* v. *Stetler,* 127 Pa. St. 145; *Carter* v. *Oil Co.* 182 id. 551.

Proof of "an association" as a voluntary association for charitable or beneficiary purposes is sufficient. *People* v. *Mahlman,* 82 Cal. 585; *Laycock* v. *State,* 136 Ind. 217; Hurd's Stat. chap. 38, sec. 75.

Proof of "association" for the use of trade-marks is sufficient. Hurd's Stat. chap. 140; *Cohn* v. *People,* 149 Ill. 486.

The American Express Company is not a corporation. It does not fall within the class of associations having powers and privileges of corporations, and *de facto* corporate existence cannot be proved as an affirmative fact. It is "an association," and the averment is so laid to meet the expected proof as an assistance in identifying the offense. *Noakes* v. *People,* 25 N. Y. 380; *People* v. *Coleman,* 133 id. 279; *Kossakowski* v. *People,* 177 Ill. 563; Bishop on Crim. Proc. secs. 718-723, 320; Coke's Litt. 70*b,* cited in Broom's Maxims; 3 Am. & Eng. Ency. of Law, (2d ed.) 162; *Hoadley* v. *Purifay,* 18 So. Rep. 223; *State* v. *Williams,* 103 Ind. 235; Hurd's Stat. chap. 110, sec. 13; Stat. of 7 Geo. IV, chap. 64, sec. 14; Laws of 1909, p. 178.

The indictment "alleges, generally, an embezzlement of funds," and is sufficient under the statute. Hurd's Stat. chap. 38, sec. 82.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The criminal court of Cook county overruled the motion of plaintiff in error, Charles E. Brander, *alias* Cavanaugh, to quash an indictment against him returned into that court by the grand jury, and he was put upon trial. The indictment contained four counts, the first of which charged him, as agent and clerk in the employ of "American Express Company, an association," with embezzlement of goods, money and property of said company. The sec-

ond charged embezzlement of goods, money and property of the same company delivered and entrusted to him as bailee. The third charged, in the ordinary form, larceny of the goods, money and property of said company; and the fourth charged him with concealing, for his own gain, property stolen from said company. Each count alleged that the goods, money and property embezzled, stolen or concealed were the goods, money and property of "American Express Company, an association." The jury found plaintiff in error guilty of larceny in manner and form as charged in the indictment and found the value of the property stolen to be $996. The court, after overruling motions for a new trial and in arrest of judgment, sentenced plaintiff in error to confinement in the penitentiary, and he sued out a writ of error from this court to review the judgment.

The evidence is not preserved in the record, and the only question presented is whether the averment of ownership by "American Express Company, an association," without alleging incorporation or such facts as would show that said company could own property by that name, is sufficient. In the case of *Wallace* v. *People,* 63 Ill. 451, the indictment alleged that the property stolen was the property of the American Merchants Union Express Company, and the property was not described as belonging to any natural person or persons nor to any corporate body. This was held to be a fatal error, and it was said that property vested in a body of persons ought not to be laid as the property of that body, but should be described as belonging to the individuals composing the company. In *Staaden* v. *People,* 82 Ill. 432, the plaintiff in error, Nicholas Staaden, was indicted for setting fire to a building with intent to injure the Ætna Insurance Company of Hartford, Connecticut. The failure to allege that the insurance company was a corporation was considered fatal to the indictment, and it was held necessary to aver that the accused set the build-

ing on fire with intent to injure a body corporate or a natural person or persons, and if the insurer was not incorporated it should have been averred that the building was set on fire with intent to injure the persons composing the company, giving their names. Unless the rule is modified by statute, the ownership of property embezzled must be alleged with the same accuracy as in an indictment for larceny. (Bishop on Crim. Proc. sec. 320.) In *Kossakowski* v. *People,* 177 Ill. 563, the indictment was for embezzlement and contained twenty-four counts and the plaintiff in error was tried on eight of them, which alleged the owner of the property embezzled to be the American Express Company. Some of the counts alleged that the express company was incorporated while others alleged that it was a joint stock association, but each count averred that it was a corporation organized under the laws of the State of New York. The question presented to this court was whether the evidence proved the corporate existence of the express company as alleged in the indictment. The court decided that the evidence sufficiently established the facts that the American Express Company was a joint stock association under the laws of the State of New York; that the company had a *de facto* existence as an incorporated joint stock association and that it was a corporation under the laws of New York. The indictment in this case does not aver that the American Express Company is a joint stock association under the statutes of New York, although counsel for the People assert that it is a joint stock company under such statutes, and cite cases decided by New York courts to show what a joint stock company is by virtue of such statutes. A private joint stock company is a partnership and nothing more. When not organized under any statute it is a purely voluntary association of individuals, governed by the same rules of law as any other partnership. (*Robbins* v. *Butler,* 24 Ill. 387; *Pettis* v. *Atkins,* 60 id. 454; *Hodgson* v. *Baldwin,* 65 id. 532; *Wadsworth*

v. *Duncan,* 164 id. 360.)    As the indictment does not allege that the American Express Company is a joint stock company, the usual attributes of that sort of company are not to be implied, and the statements of counsel add nothing to the averments of the indictment.    If the company owes its existence to the statute of any State and is such an entity as may own property by the name of "American Express Company," the facts should have been alleged.

The indictment does not aver that the American Express Company is a corporation, but describes it as "an association."    The term "association" is used to designate a body of persons acting together without a charter but upon methods and forms used by incorporated bodies for the prosecution of some common enterprise.    (4 Cyc. 301; 3 Am. & Eng. Ency. of Law,—2d ed.—162.)    It is a word of vague meaning, used to indicate a collection of persons who have joined together for a certain object.    That object may be the benefit of the members, or the improvement, welfare or advantage of the public, or some scientific, charitable or similar purpose.    It is applied sometimes to large partnerships or unincorporated companies, and sometimes to corporations formed not for profit but for the advancement of some object in which the members are interested.    Rapalje & Lawrence's Law Dict.; Webster's International Dict.; Standard Dict.

Section 82 of division 1 of the Criminal Code, which relates to embezzlement of the property of any person, bank, incorporated company or co-partnership by a cashier or other officer, clerk, agent or servant, provides that it shall be sufficient to allege, generally, in an indictment an embezzlement of the funds of the person, bank, incorporated company or co-partnership to a certain value or amount without specifying any particulars of such embezzlement, and it is argued that this section authorizes an averment that the property embezzled is the property of a co-partnership, without giving the names of the partners.

Manifestly, the primary purpose of that section is to obviate the necessity of specifying particulars where the funds have been in the possession of the accused as an officer, agent or servant of the owner, which might be attended with much difficulty. The first count of the indictment alleged that plaintiff in error was the clerk and agent of the express company but did not aver that it was a copartnership, and the question whether it would have been necessary to give the names of the partners if it had contained such an averment does not arise. The indictment is wholly lacking in any averment of ownership in any person, corporation or other entity that may be the owner of property. The courts must abide by long established and well known rules of law, and it is not too much to require reasonable attention to such rules in drawing indictments.

The judgment of the criminal court is reversed.

*Judgment reversed.*