(No. 22059.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN ROUTSON, Plaintiff in Error.

*Opinion filed December 22, 1933—Rehearing denied Feb. 8, 1934.*

GEORGE W. SPRENGER, for plaintiff in error.

OTTO KERNER, Attorney General, JOSEPH R. MARTIN, State's Attorney, and J. J. NEIGER, (A. E. TAFF, FLOYD F. PUTNAM, and SHERMAN DEUTCH, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Plaintiff in error, John Routson, was indicted at the January, 1933, term of the circuit court of Fulton county upon five counts, the first of which charged the forgery of a township treasurer's bond required by statute to qualify the plaintiff in error as such township treasurer, and the second count of which charged the uttering of the same bond. Upon motion the last three counts of the indictment were quashed and the plaintiff in error was tried before a jury and convicted upon the first two above mentioned. Upon motion by the State's attorney, and over objection of the plaintiff in error, he was sentenced upon the second count. Motion for a new trial and in arrest of judgment having been overruled, the cause is brought here on writ of error.

Thirty-eight errors are assigned, but none were argued except those hereinafter mentioned.

It is first claimed by the plaintiff in error that the grand jury which brought in the indictment was not legally chosen. It appears from the record that at a regular meeting of the board of supervisors of Fulton county on December 14, 1932, a panel of grand jurors was selected but that this

panel contained only twenty-two names. No notice or summons followed this irregular selection and the board apparently treated it as a nullity. A special meeting of the supervisors was called on December 19, 1932, pursuant to a petition therefor filed with the clerk. This special meeting was held on December 20, 1932, and at it a regular panel of twenty-three grand jurors was selected, and this was the jury which returned the indictment against the plaintiff in error. The plaintiff in error contends, without citation of authority, that the board of supervisors and the county clerk exceeded their powers in holding a special session for the selection of a regular grand jury after having attempted to select such a jury at their regular meeting. We cannot agree with this contention. The law expressly provides for the selection of a panel of twenty-three grand jurors, and the county board properly treated its first action, in which but twenty-two were named, as a nullity. There was no error in the procedure, and it does not constitute any ground for quashing the indictment.

It is next contended that the circuit court erred in permitting the county clerk, on the hearing of the motion to quash, to amend his records so as to speak the truth. The record produced in court by the county clerk showed the call for the special meeting to be signed by ten supervisors, whereas it required the signatures of eleven supervisors to make up one-third of the total number in Fulton county. The clerk produced the original call for the meeting which was in his possession and upon inspection it showed the signatures of eleven supervisors. The court thereupon permitted the record to be amended so as to speak the truth. The evidence upon which the amendment was made was clear and satisfactory and there was no error in permitting the amendment. *People* v. *Barnwell,* 296 Ill. 67; *People* v. *Payne,* 296 id. 236.

It is next urged by the plaintiff in error that the indictment should have been quashed for want of an allegation

that he was the duly elected or appointed township treasurer at the time of the alleged forging and uttering of the bond in question. He seeks to sustain this position upon the theory that without such an allegation the indictment failed to show the existence of an instrument subject to forgery or prejudicial to the rights of another. He relies upon the case of *Goodman* v. *People,* 228 Ill. 154, which was an indictment for forging a railroad pass; upon the case of *People* v. *Schneider,* 334 Ill. 630, which was an indictment for forging a quit-claim deed; the case of *Klawanski* v. *People,* 218 Ill. 481, involving the forgery of a theater ticket; and the case of *Waterman* v. *People,* 67 Ill. 91, where a letter of introduction was forged. In the *Goodman case* the court held the indictment bad for the reason that a pass could not defraud anyone unless it be also a fact that the company to which it was directed had a line of railroad or street railway or other means of transporting persons from one place to another, and that it would be necessary to constitute a valid indictment to include these essential allegations. In the *Schneider case* the indictment charged the forging and uttering of a quit-claim deed, and it was held that the indictment was bad because of its failure to aver that the purported grantor in the deed had title to the property described therein. In the *Klawanski case* the indictment was for forging a theater ticket, and the judgment was reversed for failure to allege the existence of the theater and that a performance was being given to which admission was charged. The *Waterman case* involved the forging of a letter of introduction. It is not in point and of no help to us.

The entire argument of plaintiff in error in this respect was answered by this court in the case of *People* v. *Adams,* 300 Ill. 20, where we used the following language: "The argument in support of the objection is, that where an instrument purports to have been executed in an official capacity there must be an allegation that the person whose

name is signed had the authority to act and issue such an instrument, so that, if genuine, it would have been a legal liability of the supposed maker. The statute authorizes a village to make public improvements and to issue bonds of the kind in question, to be executed by such officers as are authorized by ordinance, and officers executing such bonds act for and on behalf of the municipality in the same relation as a person authorized to act for another as an agent. It was held by this court in *Cross* v. *People,* 47 Ill. 152, that in an indictment for forging an instrument purporting to have been made by an agent it was not necessary that the indictment should aver the authority of the agent or that it was so drawn, and this doctrine was re-affirmed in *People* v. *Wilmot,* 254 Ill. 554. * * * An instrument that is void or without apparent legal efficacy on its face or is not shown by proper averment of extrinsic facts to be capable of affecting the rights of another cannot be the subject of forgery, but if it is apparently capable of defrauding, that is sufficient, as held in *Goodman* v. *People,* 228 Ill. 154. In *White* v. *Wagar,* 185 Ill. 195, the court adopted as the correct definition of forgery at common law the false making or material altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability. It is not necessary to allege that the instrument forged, if genuine, would have created a legal liability, but the essential elements of the crime are a false making of some instrument in writing apparently capable of effecting a fraud, together with a fraudulent intent."

The township treasurer's bond set up in the indictment is full, regular and legal on its face and was apparently capable of defrauding. The indictment in this respect was therefore sufficient.

On the trial plaintiff in error requested that the State's attorney be required to elect as to which count he would rely upon for conviction, which request was denied. Upon

the case being submitted to the jury a verdict was returned finding the plaintiff in error guilty in manner and form as charged in the two counts of the indictment. After motions for a new trial and in arrest of judgment had been overruled the State's attorney presented to the court his election that sentence be pronounced against plaintiff in error on the second count, which was the count for uttering the forged instrument, and over the objection of the plaintiff in error this was done. It is argued for plaintiff in error that the verdict was a nullity and should not have been received by the court or any judgment entered thereon. He relies upon the case of *Parker* v. *People,* 97 Ill. 32. In that case the defendant was charged with forging a note in two counts and uttering the same note in another count. It was held in that case that the charge of two different crimes of the same nature might properly be joined in one indictment but that the People could not have a separate conviction and judgment under each count; that the crime of forgery was but preparatory to and formed a part of the crime of passing the forged note. The court further held that although the offenses were properly joined in one indictment it was erroneous to enter a separate judgment on each of them. The court expressly declined to pass upon the question now before us, saying on page 37: "Whether the People might have had a sentence under one of the verdicts and had the other set aside is not before the court and that question is not decided."

The *Parker case* was decided by this court at the November term, 1880. It was even then definitely established that the charge of two different crimes which are of the same nature might be embraced in different counts of the same indictment. (*Pate* v. *People,* 3 Gilm. 644.) Since then the question expressly not passed on in the *Parker case* and before us for decision in this case has been decided adversely to the contentions of the plaintiff in error. In *People* v. *Munday,* 280 Ill. 32, on page 51 we held as

follows: "The right to require the State's attorney to elect upon which count of an indictment he will rely for conviction is confined to cases where the offenses charged in the different counts of the indictment are distinct from each other and do not arise out of or form parts of the same transactions.—*Goodhue* v. *People,* 94 Ill. 37; *Andrews* v. *People,* 117 id. 195; *Herman* v. *People,* 131 id. 594; *People* v. *Warfield,* 261 id. 293." In the case at bar, as in the *Parker case,* the forgery was but preparatory to and formed a part of the crime of passing the forged note. The court, therefore, did not err in refusing to require an election on the part of the State. Since the verdict of the jury found plaintiff in error guilty on both counts of the indictment he might have been sentenced upon either, and it was therefore proper for the court to enter judgment on the second count, only.

It is argued that the plaintiff in error was not proved guilty beyond a reasonable doubt. This contention is based solely upon the ground that the county superintendent of schools did not testify that the plaintiff in error had personally presented the bond at his office for approval. The uncontradicted evidence shows conclusively that the plaintiff in error had the forged instrument in his possession, presented it for approval and secured the approval of the township trustees, and that on the next day it was filed in the office of the county superintendent of schools and by him caused to be recorded with the recorder of deeds. It is fully established that this was the same bond which had been previously exhibited by the plaintiff in error to the trustees of schools and to the justice of the peace who took the acknowledgment. It further appears that the plaintiff in error assumed the duties of the office of township treasurer pursuant to the approval and filing of the bond by the county superintendent, which duties he would not have been permitted to assume otherwise. In the face of this record the defendant elected to present no evidence in his own

behalf, relying entirely upon the supposed weakness of the case for the People. Under these circumstances we cannot say that the jury were not justified in giving full weight and credence to the testimony for the People. (*People* v. *Fox,* 319 Ill. 606.) There being sufficient evidence in the record to justify the jury in arriving at a verdict of guilty without acting in an arbitrary or unreasonable manner, we will not disturb their finding.

The record being free from prejudicial error and the defendant having had a fair trial, it is our conclusion that the judgment of the circuit court of Fulton county should be, and it is, affirmed.

*Judgment affirmed.*