## People of the State of Illinois, Plaintiff-Appellee, v. Clifton Bridges, Defendant-Appellant.

### Gen. No. 50,146.

First District, Third Division.

January 27, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall A. Patner, Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Clifton Bridges was indicted for illegal possession of narcotics in violation of the Uniform Narcotic Drug Act. He was tried without a jury, found guilty and sentenced to a term of two to five years in the penitentiary.

A police officer of the City of Chicago observed the defendant standing on a street corner talking to three men who the officer knew were narcotic addicts. He saw the defendant leave the men, walk to a vacant lot, search in the weeds and pick up a small brown bottle. As the officer approached him the defendant dropped the bottle to the ground. The officer picked it up and found 11 tinfoil packages inside which contained white powder. The defendant said the packages were for his own use. A subsequent laboratory analysis was made of the content of one of the packages. The test established that the powder was heroin.

The defendant testified that he went to the vacant lot to look for a roll of bogus money he had hidden there. He denied that the bottle was his and he denied telling the police officer that it was. He said that after his arrest the officer picked up a girl friend and gave the bottle to her.

The defendant contends (1) that he was denied a fair trial because the State and court failed to call the officer's girl friend who, it is argued, was the only known independent witness who might have corroborated the defendant's testimony; (2) that his conviction should be reversed because he was not given a transcript of the testimony at his preliminary hearing which, it is argued, might have impeached the police officer's trial testimony; and (3) that the indictment was fatally defective in that (a) it did not state the time and place of the offense and (b) did not specify the statutory provision alleged to have been violated.

After the defendant was found guilty his attorney made oral post-trial motions. The court asked that the motions be filed in writing. Written motions were thereafter sub-

mitted for a new trial and in arrest of judgment. The motions were denied.

■■ The written motion for a new trial contained two points, neither of which is one of the trial errors urged on appeal. The errors now urged as grounds for a new trial were waived by the failure to include them in the written post-trial motion. People v. Irwin, 32 Ill2d 441, 207 NE2d 76 (1965); People v. Touhy, 31 Ill2d 236, 201 NE2d 425 (1964); People v. Greer, 30 Ill2d 415, 197 NE2d 22 (1964); People v. Gratton, 28 Ill2d 450, 192 NE2d 903 (1963). We might add that these errors are not, as the defendant argues, plain errors affecting substantial rights which call for the exercise of our statutory power to consider them. Ill Rev Stat, 1963, ch 38, sec 121–9(a); People v. Fleming, 54 Ill App2d 457, 203 NE2d 716 (1964). There was no showing that the woman who joined the defendant and the arresting officer saw the defendant with the bottle or that her testimony was in any way material. No request for the transcript was made either before or during the trial; the transcript was first mentioned by the defendant after he was found guilty and it was then established by the defendant's attorney that no transcript was available because there had been no reporter at the preliminary hearing.

■■ The defendant's written motion in arrest of judgment set forth two grounds: an alleged variation between the averments of the indictment and the proof, and the alleged error of the trial court in overruling the new trial motion. Neither of these grounds is one which, if substantiated, would require the trial court to grant the motion in arrest of judgment. Ill Rev Stats c 38, § 116–2(b)(1) and (2) (1963). Hence, the trial court properly denied the motion.

The defendant urges upon appeal two points not included in his motion in arrest of judgment or his motion for a new trial: that the indictment did not specify the time and place of the offense and did not cite the statutory

provision allegedly violated. He attempts to establish that these points are preserved for review by contending that his motion in arrest of judgment should be treated as a general oral motion because it was not argued in the trial court.

In People v. Flynn, 8 Ill2d 116, 133 NE2d 257 (1956), the court held that if a motion for a new trial is made orally without objection by the State and without the trial court on its own motion directing that the new-trial motion be presented in writing, the requirement of the statute (Ill Rev Stats 1963; c 38, § 116–1(b)) that such a motion be written is waived, and on appeal a defendant can avail himself of any cause for a new trial which might appear in the record. In People v. Prohaska, 8 Ill2d 579, 134 NE2d 799 (1956), this waiver was extended to motions in arrest of judgment which, according to the statute, must also be written. Ill Rev Stats 1963, c 38, § 116–2(a). The court stated:

> "[W]hen a motion in arrest of judgment does not specify the ground therefor, it will be presumed, on appeal, that every proper ground for arrest of judgment was presented to the trial court."

The defendant's endeavor to come within the rule of the Prohaska case by equating his unargued written motion in arrest of judgment with an oral one is unsound. There is no logical or legal foundation for such equation.

The further contention of the defendant is that the failure of the indictment to state the time and place of the offense (as required by section 111–3(a)(4) of chapter 38, Ill Rev Stats 1963), and the particular statutory section alleged to have been violated (as required by section 111–3(a)(2)) renders the indictment fatally defective and the judgment of conviction void. The non-inclusion of these points in his post-trial motions would not prevent the defendant from challenging the indictment in this court if the omission in the indictment of the

240

time and place of the offense and the statutory provision alleged to have been violated resulted in the indictment not charging an offense, for a conviction based upon a void indictment cannot stand. People v. Sowrd, 370 Ill 140, 18 NE2d 176 (1938); People v. Minto, 318 Ill 293, 149 NE 241 (1925); People v. Fain, 30 Ill App2d 270, 173 NE2d 825 (1961). The indictment under consideration, however, does charge an offense. Although the indictment only describes the place of the crime as Cook County, this is an adequate description. People v. Blanchett, 33 Ill2d 527, 212 NE2d 97 (1965); People v. Petropoulos, 59 Ill App2d 298, 208 NE2d 323 (1965). And, although the indictment does not cite the exact statutory provision alleged to have been violated, this does not make the indictment fatally defective, for it cites the Uniform Narcotic Drug Act and sets forth the nature and elements of the offense of possession of a narcotic drug and thus informs the defendant of the definite crime he is alleged to have committed.

The requirement in the Code of Criminal Procedure of 1963 that the charge shall cite "the statutory provision alleged to have been violated" (section 111–3(a)(2)) must be distinguished from the requirement in the Code that the charge shall set forth "the nature and elements of the offense charged" (section 111–3(a)(3)). The former is not listed among the ten grounds for dismissing an indictment, information or complaint (section 114–1(a) of the Code) and it is not a ground for arresting judgment (section 116–2(b)); whereas the latter is a ground for dismissal (section 114–1(a)(8)) and is also a ground for arrest of judgment (section 116–2(b)(1)). Failure to cite a particular statutory provision cannot be equalized with failure to state the nature and elements of the offense charged. The latter is on a higher level and parallels the constitutional requirement that an accused shall have the right "to demand the nature and cause of the

241

accusation." Constitution of the State of Illinois, Article II, sec 9.

The judgment of the Criminal Division of the Circuit Court is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.