**People of the State of Illinois, Plaintiff-Appellee, v. Clarence Hill, Defendant-Appellant.**

**Gen. No. 50,343.**

First District, Third Division.

February 3, 1966.

■■■■■■■■

R. Eugene Pincham and Charles B. Evins, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Willie M. Whiting, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

After a nonjury trial in the First Municipal District of the Circuit Court of Cook County the defendant, Clarence Hill, who was not represented by counsel, was found guilty of theft "in manner and form as charged in the complaint herein" and was sentenced to the House of Correction for six months. The defendant asserts that his conviction should be reversed because he was tried under a void complaint and by a court which lacked jurisdiction.

■■■■■ The complaint was drawn on a quasi-criminal form but was in reality a criminal complaint which charged that Clarence Hill,

". . . on or about 16 August –64 at 4646 S. Halsted St. committed the offense of theft, in that he knowingly obtained unauthorized control over 4 Mens Shirts value of $6.78 and 4 Mens Sweaters value of $39.48 and 6 Boxes of Handkerchiefs value of $5.00 —total value—$51.26 the property of Community Discount Store at 4646 S. Halsted St. intending to deprive the owner permanently of the use and benefit of said property in violation of Chapter 38, Section 16-1a1, of the Municipal Code of the City of Chicago."

The complaint is defective in several particulars, some of which go far beyond formal technicalities or niceties of pleadings. The most flagrant defect is that venue is not alleged. The complaint does not say in what city,

county or state the offense was committed. A defendant has a constitutional right to be tried in the county in which the offense is *alleged* to have been committed. Constitution of Illinois, art II, sec 9. It follows that if there is no allegation of the county in which the offense took place the jurisdiction of the court is not established. The complaint was filed in the Circuit Court of Cook County and it is essential that the complaint show on its face that the offense took place in Cook County. People v. Petropoulos, 59 Ill App2d 298, 208 NE2d 323 (1965). An address, such as "4646 S. Halsted St.," and nothing more, is insufficient for this purpose. A court cannot conjecture that it is the only court that has such an address within its jurisdiction. In People v. Strong, 363 Ill 602, 2 NE2d 942 (1936), it was said that venue in an indictment "must be stated with such precision that the court can see that a criminal offense has been committed within its jurisdiction." In People v. Powell, 353 Ill 582, 187 NE 419 (1933), the court said: "Venue is not a matter of form—it is a matter of substance. It is jurisdictional. It is absolutely essential that the venue of the alleged offense be stated in clear, apt and concise terms by the indictment." Our courts have long made it clear that it is essential to *allege* the county in which the crime took place. It has been held that venue may be *proved* by circumstantial evidence (People v. Allen, 413 Ill 69, 107 NE2d 826 (1952)) and that venue may sometimes be *proved* by testimony concerning a street address (People v. Pride, 16 Ill2d 82, 156 NE2d 551 (1959)) but both of these cases unequivocally state that the charge that a crime was committed in a particular county is a material *averment*. In People v. Williams, 233 Ill App 53 (1924) an information charged that the offense was committed in the City of Chicago. The Appellate Court held that this was sufficient because the court would take judicial notice of the fact that

373

Chicago is in Cook County. However, no case has been called to our attention which intimates that venue may be alleged by only a street address. Nor has any case been cited which holds that the printed caption on an indictment or complaint is an averment of where the offense was committed. A caption which states the place where the court is sitting cannot be substituted for essential allegations. For example, it has been held that captions are not to be considered in determining whether the indictment states the elements of the offense or whether the prosecution of the offense is within the statute of limitations. People v. Sellers, 30 Ill2d 221, 196 NE2d 481 (1964); People v. Shaw, 300 Ill 451, 133 NE 208 (1921).

██ The same certainty of allegation is required in an information or a criminal complaint as in an indictment. People v. Ring, 275 Ill App 214 (1935). The failure of the complaint to allege commission of the offense within the county over which the trial court had jurisdiction would have been reason for a motion to dismiss (Ill Rev Stats 1963, c 38, § 114–1(a)(6)) and would have been cause for arresting the judgment (c 38, § 116–2(b)(2)); and it is a substantive deficiency which makes the judgment of conviction void.

██ The complaint fails to allege that the theft was from an entity legally capable of owning property. In an indictment for theft the ownership of the property allegedly stolen is a necessary averment. People v. Cohen, 352 Ill 380, 185 NE 608 (1933); People v. Smith, 341 Ill 649, 173 NE 814 (1930). The complaint avers that the property stolen belonged to a store—the Community Discount Store. If the Community Discount Store was a corporation, its corporate existence should have been alleged. People v. Brander, 244 Ill 26, 91 NE 59 (1910). If the store was not an entity capable of owning property, the ownership should have been al-

leged in the individual or individuals who owned the property.

 In charging that the theft was in violation of chapter 38, section 16–1a1 of the Municipal Code of Chicago, the complaint not only fails to cite the correct statute but cites a nonexistent ordinance. Chapter 38 of the Municipal Code of Chicago deals with harbors, wharfs, docks and bridges. It does not contain a section 16–1a1, and no section of chapter 38 and no other section of the Chicago Municipal Code describes the offense of theft or prescribes penalties for its commission. The intention obviously was to charge the defendant with violation of section 16–1(a)(1) of the Criminal Code of 1961. In not doing so, the complaint contravenes section 111–3(a)(2) of the 1963 Criminal Code of Procedure which provides:

"(a) A charge shall be in writing and allege the commission of an offense by:

"(2) Citing the statutory provision alleged to have been violated. . . ."

Failure to cite the statute or the correct provision thereof is error but, in view of the description of the offense given in the complaint, is not an error which, in itself, vitiates the complaint. The complaint describes the offense of theft by charging that the defendant knowingly obtained unauthorized control over the property of the owner and intended to deprive the owner permanently of the use and benefit of the property. Ill Rev Stats 1963, ch 38, sec 16–1(a)(1). The complaint adequately informed the defendant of the nature and cause and the elements of the charge against him so that he knew precisely what he was called upon to meet, and thereby fulfilled the requirements of article II, section 9 of the Constitution and of section 111–3(a)(3) of the 1963 Code of Criminal Procedure. People v. Burns, 403 Ill

407, 86 NE2d 197 (1949); People v. Brown, 336 Ill 257, 168 NE 289 (1929). Failure to cite the proper statutory provision alleged to have been violated is not a ground for dismissal under section 114–1(a) or for arresting judgment under section 116–2(b) of chapter 38, and cannot be equated with a failure of the charge to state an offense. People v. Bridges, filed January 27, 1966, 67 Ill App2d 236, 214 NE2d 539. Because this complaint states an offense, it is not vulnerable either to a motion to dismiss under section 114–1(a)(8) or to a motion in arrest of judgment under section 116–2(b)(1) of chapter 38, and it is not subject to the attack that the conviction based upon it is void. People v. Bridges, filed January 27, 1966, 67 Ill App2d 236, 214 NE2d 539.

A lesser shortcoming of the complaint is the date given for the offense: "16 August –64." The date, like the inaccurate statutory citation, points up the carelessness with which this complaint is drawn. The defendant argues that since the offense is said to have taken place in the year 64, the prosecution is barred because it is not within the time fixed by law for the prosecution of theft of property less than $150. If an offense is laid on an impossible date or a date beyond the statute of limitations, a complaint is defective. People v. Weinstein, 255 Ill 530, 99 NE 589 (1912). However, we regard the date "16 August –64" as incomplete rather than as a decisive error. A date beyond the statute of limitations is reason for the dismissal of a complaint under section 114–1(a)(2) of the 1963 Criminal Code of Procedure which deals with motions to dismiss predicated upon prosecutions being barred by section 3–5(b) (general limitation provision) of the Criminal Code of 1961. But if a motion to dismiss is not made prior to trial and within a reasonable time after arraignment, it is waived. Ill Rev Stats 1963, ch 38, sec 114–1(b). Moreover, an indefinite or questionable date would sup-

port a motion for a bill of particulars. Ill Rev Stats 1963, ch 38, sec 114–2(a).

 If a criminal complaint is void it can be challenged at any time and if need be, for the first time in a court of review. People v. Green, 368 Ill 242, 13 NE2d 278 (1938); People v. Stringfield, 37 Ill App2d 344, 185 NE2d 381 (1962). In People v. Fore, 384 Ill 455, 51 NE2d 548 (1943) the court said that where an indictment does not charge an offense the judgment of conviction must be reversed notwithstanding the fact that the point was not raised in the trial court,

> ". . . as no waiver or consent by the defendant to a criminal prosecution can confer jurisdiction or authorize his conviction in the absence of an accusation charging him with a violation of the criminal law."

Because of the errors related, the judgment of conviction is reversed.

Reversed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.