**People of the State of Illinois, Plaintiffs-Appellees, v. Omer Berndt, Defendant-Appellant.**

Gen. No. 68–55.

Fifth District.
October 31, 1968.

Conn & Clendenin, of Sparta, and William A. Schuwerk, of Chester (David N. Conn and William A. Schuwerk, of counsel), for appellant.

William B. Starnes, State's Attorney of Randolph County, of Chester (Charles H. Stegmeyer, Assistant State's Attorney, of counsel), for appellees.

GOLDENHERSH, J.

In an indictment returned in the Circuit Court of Randolph County, defendant, Omer Berndt, together with two other defendants, was charged, in Count I, with the crime of Burglary (c 38, § 19–1), in Count II, with the crime of Theft (c 38, § 16–1(a)), and in Count III, with the crime of Theft (c 38, § 16–1(d)(3)), (Ill Rev Stats 1965). In a jury trial he was acquitted on Counts I and II, and convicted on Count III. The trial court denied a post-trial motion and sentenced him to not less than one (1) nor more than five (5) years in the Illinois State Penitentiary.

As his first ground for reversal defendant contends that Count III of the indictment is fatally defective in that it fails to allege the ownership of the stolen property.

Each count of the indictment charges a separate offense, and must allege, or incorporate by reference to some other count, the averments necessary to charge an offense under the pertinent statute. People v. Nelson, 399 Ill 132, 77 NE2d 171.

The ownership of the property allegedly stolen is a necessary averment of an indictment for theft. People v. Smith, 341 Ill 649, 173 NE 814; People v. Cohen, 352 Ill 380, 185 NE 608; People v. Hill, 68 Ill App2d 369, 216 NE2d 212. In People v. Smith (supra), at page 651, the Supreme Court said: "The necessity for stating the name of the person injured is to enable the defendant to plead either a former acquittal or conviction, in case of a second prosecution for the same offense."

We have carefully examined Count III and do not find therein an averment as to ownership, or a reference to either of the other counts which would serve to

incorporate, by reference, any averment of ownership therein contained.

Count III of the indictment is, therefore, fatally defective and the judgment of conviction must be reversed.

Judgment reversed.

EBERSPACHER and MORAN, JJ., concur.