(No. 41711.—

THE PEOPLE *ex rel.* Phillip D. Miller, Appellant, *vs.* FRANK J. PATE, Warden, Appellee.

*Opinion filed March 27, 1969.*

W. R. STEWART, of Champaign, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and GEORGE E. SANGMEISTER, State's Attorney, of Joliet, (FRED G. LEACH, Assistant Attorney General, and FRANKLIN D. BURKEY, Assistant State's Attorney, of counsel,), for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This appeal by defendant Phillip D. Miller is from an

order of the circuit court of Will County denying his petition for a writ of *habeas corpus*, which alleged that he was illegally imprisoned pursuant to proceedings based upon a fatally defective indictment for forgery.

The sole issue here is whether an indictment for forgery under the new Criminal Code (Ill. Rev. Stat. 1965, ch. 38, par. 17—3) must set out the instrument *in haec verba*, or by facsimile copy, in addition to narrating its substance in the purport clause.

The operative facts are not in dispute. On May 10, 1966, an indictment was issued against the defendant. It alleged that he "Committed the offense of FORGERY, in that [he], with the intent to defraud, knowingly and unlawfully altered a document apparently capable of defrauding another, to-wit: A stock certificate No. 4705, issued by the Great States Life Insurance Co., incorporated under the laws of the State of Illinois, to the said Phillip D. Miller, dated May 13, 1965, in the amount of five (5) shares, which certificate was * * * knowingly altered by the said [defendant] in such manner that it purported to be in the amount of five thousand (5,000) shares, and which altered stock certificate was * * * delivered and presented to * * *: The Second National Bank of Danville, Illinois, by the said defendant, as collateral for a loan made to said defendant in the amount of $7,500.00, in violation of chapter 38, section 17—3, Illinois Revised Statutes * * *."

Defendant, through counsel of his own choice, pleaded guilty, after being apprised by the court of his rights and the legal significance of his act. After numerous procedural maneuvers and hearings, and a full probation investigation of defendant's multifarious financial machinations, defendant was sentenced to a term of not less than three nor more than five years. The circuit court denied defendant's motions to withdraw the plea of guilty, and to stay mittimus; and the appellate court dismissed defendant's appeal from

those rulings. Defendant thereupon filed this *habeas corpus* petition challenging the legal sufficiency of the indictment. The petition was denied by the circuit court, and defendant has appealed to this court.

In determining the legal sufficiency of the indictment to establish jurisdiction of the cause, it is incumbent upon us to analyze the case law in the light of the substantive and procedural revisions of the Criminal Code.

The requirements for an indictment under the revised Criminal Code are set forth in section 111—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1965, ch. 38, par. 111—3,) which provides in substance that it be in writing, state the name of the offense, the statutory provision alleged to have been violated, the nature and elements of the offense charged, and the name of the accused. The tests respecting the sufficiency of an indictment, repeatedly enunciated in the case law, are whether it would enable defendant to prepare his defense and whether it would sustain a plea of judgment in bar of any further prosecution for the same offense. *People* v. *Mills,* 40 Ill.2d 4, 11-12; *People* v. *Patrick,* 38 Ill.2d 255, 258; *People* v. *Bonner,* 37 Ill.2d 553, 562; *People* v. *Blanchett,* 33 Ill.2d 527, 532.

Prior to the new Criminal Code separate statutes proscribed forgery of specified types of instruments or documents. Forgery of currency was proscribed by section 151, records and other writings by section 277, securities by section 278, bills and notes by sections 279 and 280, and public records by section 401. Committee Comments, S.H.A. ch. 38, § 17—3; *People* v. *Haynes,* 73 Ill. App. 2d 85, 87.

As presently defined in the new Criminal Code, the offense of forgery codifies and incorporates all forms of forgery into a single crime. (Ill. Rev. Stat. 1965, ch. 38, par. 17—3.) This new provision of the Criminal Code provides, in substance, that "A person commits forgery when, with intent to defraud, he knowingly: (1) Makes or alters any document apparently capable of defrauding another in such

manner that it purports to have been made by another * * * or with different provisions, * * * or (2) Issues or delivers such document knowing it to have been thus made or altered." This statute further defines "intent to defraud," and provides a comprehensive definition of a "document apparently capable of defrauding." This definition includes, but is not limited to, any document "by which any right, obligation or power with reference to any person or property may be created, transferred, altered or terminated." The new forgery statute also prescribes a single penalty for this offense, irrespective of the instrument involved.

In the light of this statutory history, the State argues plausibly that since the old forgery statutes each involved different elements and different penalties, depending upon the instrument involved, it was necessary for the court to examine the instrument to determine whether the indictment alleged a violation of the proper forgery statute applicable to the particular instrument. (*People* v. *Gould,* 347 Ill. 298, 302.) Consequently, the rules pertaining to pleading forgery offenses became technical (*People* v. *Tilden,* 242 Ill. 536,) and there was language in the cases requiring that the indictment set forth an exact copy of the instrument, except where it was destroyed or otherwise not accessible to the grand jury. *People* v. *Brown,* 397 Ill. 92, 95; *People* v. *Kimler,* 324 Ill. 445, 450.

Even then, however, this court recognized that an instrument could be described either by a "purport description," or by a "tenor description," and that "it was not necessary that the indictment describe the instrument both by its purport and by its tenor." (*People* v. *Nickols,* 391 Ill. 565, 568.) A purport description is narrative in style and describes the salient aspects of the instrument, and a tenor description is either an exact copy or typed facsimile *in haec verba.* (*People* v. *Addison,* 75 Ill. App. 2d 358, 359.) In the *Nickols* case the court did insist that where an

indictment undertakes both types of descriptions they must be consistent, and a variance between them is fatal.

There has been no adjudication by this court on the sufficiency of a forgery indictment with only a purport description and not a tenor description, under the new forgery statute. *People* v. *Crouch,* 29 Ill.2d 485, cited by defendant, sustained the sufficiency of the forgery indictment even though it failed to identify the person whom defendant there intended to defraud. Our observation there that it was unrealistic to require allegations of a more particularized intent in view of prior decisions requiring the instrument to be set forth in the indictment was not tantamount to an adjudication that we would still insist upon a "tenor description" in addition to the "purport description," as defendant contends. The *Crouch* case, in our judgment, evidences a disposition by this court to reject, rather than to retain, technical pleading requirements in forgery cases.

Here there is no variance between any clauses of the indictment. Although there is no tenor clause, the purport clause explicitly identifies and describes the instrument in narrative form, and charges the defendant, in the language of the statute, with committing the offense of forgery in violation of chapter 38, section 17—3 of the Illinois statutes. As previously noted, the indictment recited that defendant committed that offense in that he "with the intent to defraud, knowingly and unlawfully altered a document apparently capable of defrauding another," which was a particular numbered stock certificate, issued by a designated company to defendant, on a certain date, in the amount of a certain number of shares. The indictment also alleged that defendant knowingly altered the said stock certificate in a manner that it purported to be for 5,000 shares, rather than for 5 shares as originally issued, and that the altered certificate was delivered and presented to a named bank by defendant as collateral for a loan made to defendant in a specified sum.

Obviously those recitals not only described the instrument, but set forth the essential elements of the offense of forgery under the statute in sufficient detail to inform defendant of the charges against him which he must defend, and to bar a second prosecution for this same offense. To require the indictment to include, in addition, a facsimile, or exact copy *in haec verba* of the instrument would be mere surplusage.

In our view since the new forgery statute is comprehensive and does not differentiate among instruments as to the penalty imposed or elements of the offense, but rather includes any "document apparently capable of defrauding," the need to set forth an exact copy of the instrument *in haec verba,* in addition to the foregoing purport description, no longer exists. The old distinctions in the forgery statutes between negotiable instruments and other securities are abolished; similarly, the old pleading technicalities for indictments, which arose from these distinctions, should also be abolished.

This view is consistent with the avowed legislative purpose of the revised Code of Criminal Procedure to secure simplicity in procedure and to do away with pleading technicalities. (S.H.A. ch. 38, § 101—1, and Committee Comments.) Moreover, this court has not hesitated to overrule cases espousing technical pleading requirements for indictments where they were deemed inconsistent with the statutory purpose. *People v. Reed,* 33 Ill.2d 535, 539; *People v. Blanchett,* 33 Ill.2d 527, 533.

Insofar as this conclusion is inconsistent with the statement in the *Crouch* case (29 Ill.2d 485) relating to the inclusion of a copy of the instrument in forgery indictments, that statement is not adhered to. Decisions requiring the indictment to include a literal copy of the forged instrument were predicated upon the old forgery statutes, and are inimical to the objectives of the new Criminal Code.

In our judgment the indictment here was legally suf-

ficient and conferred jurisdiction upon the circuit court. No basis exists for the issuance of a writ of *habeas corpus* for alleged illegal imprisonment. Therefore, the judgment of the circuit court dismissing defendant's petition for such writ is affirmed.

*Judgment affirmed.*