THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM MOYER, Defendant-Appellant.

(No. 11256;

Fourth District—September 10, 1971.

*Rehearing denied October 15, 1971.*

SMITH, P. J., specially concurring.

Lloyd F. Latendresse, of Decatur, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant, William Moyer, was tried by jury on a two-count indictment charging forgery and theft, and found guilty on both counts. The court entered a judgment of conviction on forgery and sentenced defendant for a term of five to ten years.

The evidence presented by the State was that a man telephoned the Bachrach Clothing Store in Decatur, spoke to one Ann Bond, an office employee there, and stated that he was Homer Everman and wished to open a charge account for his son-in-law, named William Jones, to use with a credit limit of not over $500. Ann Bond wrote the information given her about Homer Everman on a card which she testified was a credit application. She ran a credit check on Everman and found his credit approved. Later on the same day, defendant appeared at the store and identified himself as William Jones. He signed the card as "William Jones." Thereafter, he purchased items of clothing at the store,

returned some of the merchandise, and signed purchase slips "William Jones" which were charged to Homer Everman.

Bills were sent by the store to Everman for these purchases, but Everman did not pay them. He testified that he did not start the charge account or authorize anyone to do so, nor did he make the telephone call or know about it. Moyer was arrested and identified as the person who purchased the merchandise.

Defendant testified that he telephoned the store and informed a lady who answered that he was William Jones, wished to open a charge account, and gave Homer Everman, his step-father, as a credit reference. He testified that he did not use the name Moyer because he had a penitentiary past which had ruined his credit. He had, on various other occasions, used the name "Jones" on employment applications.

The defendant here contends: (1) that the forgery indictment is fatally defective; (2) that the theft indictment is defective, and at most can be theft only under $150; (3) that the prosecutor improperly referred in oral argument to a prior conviction of the defendant; and (4) that the evidence failed to prove his guilt beyond a reasonable doubt.

The forgery indictment charged that defendant "committed the offense of Forgery, in violation of Chapter 38, Section 17—3 Ill.Rev.Stat., 1967, in that with the intent to defraud and permanently deprive another, he made a document apparently capable of defrauding another in that he knowingly and without authority signed the name of William Jones, a name known to him to be fictitious, to sales receipts of Bachrach Clothing Store on the account of Homer Everman, * * * and, representing himself to be William Jones, a person authorized to charge the account of Homer Everman, signed said sales receipts and did thereby obtain items of clothing charged to the account of Homer Everman, and further executed an application for credit on the account of Homer Everman, signing the name of William Jones, a name known to him to be fictitious, * * * ".

The requirements of an indictment are set forth in Ill.Rev.Stat. 1969, ch. 38, par. 111—3. The purpose of the charge contained in the indictment is to inform the accused of the nature and cause of the accusation against him. (Ill. Const. 1870, Art. II, Sec. 9.) Formerly, two general methods of drafting the indictment existed. Either the offense could be charged in the language of the statute or by stating the facts which constituted the crime. *People v. Barnes* (1924), 314 Ill. 140, 145 N.E. 391.

In charging forgery of a written instrument, it was held that the instrument should be described according to its tenor (that is, by setting

out the very words of the instrument) or its purport (that is, by stating its substance). *People v. Nickols* (1945), 391 Ill. 565, 63 N.E.2d 759, held that it was not necessary that the indictment describe the instrument both by its purport and by its tenor, yet where it attempts to do so, the two descriptions must be consistent.

The Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 100—1 *et seq.*) has eliminated many of the old pleading technicalities. The new Code seeks to secure simplicity in procedure and to do away with pleading technicalities. *People ex rel. Miller v. Pate* (1969), 42 Ill.2d 283, 246 N.E.2d 225, reviewed the cases dealing with sufficiency of the charge of forgery under the new Code and determined that an indictment, to be sufficient, did not need to have a tenor description, but that it was sufficient to describe the instrument in narrative form. This decision was based upon the determination that the prior decisions of that court requiring the setting forth in the indictment *haec verbae* or attaching a copy of the instrument in forgery cases was necessitated by the distinctions in the prior forgery statutes between forgery of negotiable instruments and other instruments, and that the new forgery statute is comprehensive and does not differentiate among instruments as to the penalty imposed or the elements of the offense. The indictment in the *Miller* case was based upon alteration of a stock certificate and specifically described the certificate and the manner of its alteration.

Testing the forgery indictment in light of the new Code of Criminal Procedure and the *Miller* case, while we may agree that the indictment was unartfully drafted, it did contain a narrative description of the instrument. It is evident that the indictment sufficiently informed the defendant of the charge he was called upon to defend. He testified to the execution and delivery of the documents charged, although denying the intent to defraud.

The record fails to disclose any motion in the trial court to quash the indictment or for a bill of particulars. The motion for new trial raised no issue of this now alleged insufficiency. The indictment is sufficient to bar a second prosecution for the same offense. Further, as we noted in *People v. White* (4th Dist. 1971), 267 N.E.2d 129, such defense may be raised from the record.

While the instruments which are the subject of this charge on the face of them or upon inspection of them show no tendency to defraud, the averments of the indictment state extrinsic facts sufficient to render them documents "apparently capable of defrauding" within the meaning of the statutory crime of forgery. (Ill.Rev.Stat., ch. 38, par. 17—3.) Such documents were the subject of a crime of forgery even prior to the present statute where averment was made of extrinsic

facts showing the fraudulent character of their use. (*People v. Routson* (1934), 354 Ill. 573, 188 N.E. 883; *Goodman v. People* (1907), 228 Ill. 154, 81 N.E. 830; *Klawanski v. People* (1905), 218 Ill. 481, 75 N.E. 1028.) Here, the indictment alleged that the slips asserted authority to use the credit of Everman when in fact there was no such authority and they represented the defendant to be a person authorized to charge to such account, and that he signed a fictitious name to the application for credit for the purpose of receiving goods, thereby obtaining items of clothing from Bachrach Clothing Store. This sufficiently alleged that the sales slips and credit application were apparently capable of defrauding.

■ ■ The forgery count allegation of "Bachrach Clothing Store" was sufficient for the purposes of this count, as it is not necessary in a forgery count to allege the identity of the person intended to be defrauded. The offense of forgery is committed in making and delivering the instrument with the general intent to defraud. *People v. Crouch* (1963), 29 Ill.2d 485, 194 N.E.2d 248; *People v. White* (*supra*). The offense of forgery is defined in terms that refer to making or altering any document capable of defrauding, issuing or delivering such document, knowing it to have been made or altered, or possessing with intent to deliver such document. The gravamen of the offense is not concerned with the identity of the person sought to be defrauded. This indictment measured by this definition and the object and purpose of the indictment or charge must be deemed sufficient.

■ ■ The count of the indictment charging theft is likewise attacked by the defendant as being fatally defective in failing to allege that the theft was from an entity legally capable of owning property. This contention must be sustained. The gravamen of the offense of theft is obtaining or exerting unauthorized control over property of the *owner*. Indeed, the statutory defense of theft in its various aspects uniformly speaks in terms of obtaining control over property of the owner, thus an essential element of the offense is identity of the owner. See *People v. Berndt*, 101 Ill.App.2d 29, 242 N.E.2d 273.

In *People v. Hill* (1st Dist. 1966), 68 Ill.App.2d 369, 216 N.E.2d 212 a complaint of theft of the property of "Community Discount Store" was held defective, relying upon *People v. Brander* (1910), 244 Ill. 26, 91 N.E. 59. The reasoning of *Hill* is applicable here. *Miller v. Pate* and *People v. White*, previously discussed, are forgery cases and the discussion as to ownership there found has no applicability to theft, for, as we have said, in a theft case ownership of the property allegedly stolen is a necessary averment. See *People v. Tenen*, 270 N.E.2d 179, as to deceptive practices.

■ Finally, with reference to the theft count, even if there had been

a valid charge, the verdict is insufficient on the issue of value to sustain a judgment of conviction of the charge of theft in excess of $150. We hold the theft charge to be fatally defective and any judgment entered thereon must be reversed.

Such reversal does not affect the validity of the sentence inasmuch as the trial court correctly imposed only one sentence—that for the offense of forgery. Thus, while we reverse the conviction for theft, we affirm the conviction for forgery and the sentence imposed thereon. The judgment and sentence of the Circut Court of Macon County for forgery is affirmed. The conviction for theft is reversed.

Judgment reversed.

TRAPP, J., concurs.

Mr. PRESIDING JUSTICE SMITH, specially concurring:

I concur in the ultimate disposition of this case in the majority opinion, but not with its disposition of the theft count. The ownership of the property is alleged to be in Bachrach Clothing Store. It is a certainty that such ownership is in an individual, an association of individuals or a corporation. The store was not operated by a nonentity nor was the property taken owned by a nonentity. Ownership is thus alleged but imprecisely stated. As alleged, the legal entity is not precisely identified. *People v. Hill* cited in the majority opinion as authority uses as a springboard a 1910 decision holding that ownership must be alleged in a legal entity capable of owning property. In so holding it returns us as does the majority in this case to the overly technical unrealistic formalism of yester-years which the Code of Criminal Procedure was designed and expected to eliminate. *People v. Reed,* 33 Ill.2d 535, 213 N.E.2d 278; *People v. Blanchett,* 33 Ill.2d 527, 212 N.E.2d 97; *People v. Petropoulos,* 34 Ill.2d 179, 214 N.E.2d 765; *People ex rel. Ledford v. Brantley,* 46 Ill.2d 413, 263 N.E.2d 27, dissenting opinion.

This indictment is nullified after judgment without previous utilization by the defendant of either a motion to quash or a bill of particulars. While the authorities cited by the majority support the conclusions reached, it is incomprehensible to me as to why it is essential that the defendant know precisely from whom he steals property, but it is not important to him to know precisely whom he defrauded. If adequate trial preparation is available in the one, it is likewise available in the other. If double jeopardy protects in the one, it likewise protects in the other. It seems to me that the law followed in the majority opinion blows hot and cold on the same fundamental issue. This, I submit, is neither necessary nor desirable in the proper and efficient administration of justice.