THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEPHEN L. LOWE, Defendant-Appellant.

(No. 12072; ▮▮▮▮▮▮▮

Fourth District—June 20, 1974.

Synek & Bishart, of Chicago (Henry T. Synek, of counsel), for appellant.

Paul R. Welch, State's Attorney, of Bloomington (John A. Beyer and John W. Foltz, both of Circuit Attorney Project, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

In a bench trial in the Circuit Court of McLean County, the defendant was convicted of the crime of theft under $150 in violation of section 16—1(a) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, sec. 16—1(a)), and a fine of $50 imposed. The only issue raised by the defendant was whether or not the evidence established his guilt beyond a reasonable doubt. In oral argument, this court raised the sufficiency of the information filed in this case and it was conceded by the State that the information did not allege, nor did the evidence show the ownership of the property taken. The defendant walked out of the store without paying for a book. The ownership of the book was alleged as follows: "To-wit (CO-OP Bookstore)." It is clear that such allegation is insufficient to allege or to identify a legal entity capable of property ownership. In *People v. Hill*, 68 Ill.App.2d 369, 216 N.E.2d 212, the allegation of ownership of some men's shirts and sweaters was alleged to be in "Community Discount Store." In that case, the conviction was reversed. The court there held that in an indictment information or complaint for theft, the ownership of the property allegedly stolen is a necessary averment; if the store was not a legal entity capable of owning property, the ownership should have been alleged in the individual or individuals who own

the store or, if a corporation, the corporate existence should have been alleged and proved.

It is thus apparent that the conceded error is fatal to this information and it is insufficient to support the conviction. Accordingly, the judgment must be reversed.

Judgment reversed.

CRAVEN and SIMKINS, JJ., concur.