# Charles Waterman

## *v.*

## The People of the State of Illinois.

Forgery—*the writing forged must subject party affected to legal liability, if genuine.* In this case the defendant was indicted for the forgery of a letter of introduction bespeaking the showing of courtesies to the bearer by railroad officials, and promising to reciprocate the same, which purported to be signed by the superintendent of a railroad and canal company: *Held*, that as the writing, if genuine, had no legal validity, and affected no legal rights, but was a mere attempt to secure courtesies on a promise, of no legal obligation, to reciprocate them, it could not be the subject of forgery, and could not be aided by any averments in an indictment.

Writ of Error to the Criminal Court of Cook county; the Hon. Lambert Tree, Judge, presiding.

The indictment in this case charged that plaintiff in error and William E. Dundee, on etc., at etc., with the intent then and there unlawfully and feloniously to defraud the Chicago, Rock Island and Pacific Railroad Company, did then and there unlawfully and feloniously attempt to pass as true and genuine a certain false, forged and counterfeit written letter, a copy of which was given the same as in the opinion of the

court, they, the said Waterman and Dundee, well knowing the said letter to be false, forged and counterfeit, contrary, etc.

On the trial, the proof showed that Waterman, on or about the 20th day of August, 1872, in the city of Chicago, Cook county, Illinois, attempted to pass said letter as true and genuine, on the superintendent of the Chicago, Rock Island and Pacific Railroad Company, and, under the name of T. H. Wiley, attempted to procure from said superintendent a free railroad pass from the city of Chicago to the city of Rock Island over said railroad by means of the forged letter.

The trial resulted in a conviction of both defendants. Waterman sued out this writ of error.

Mr. RANDALL H. WHITE, for the plaintiff in error.

Mr. CHARLES H. REED, State's Attorney, for the People.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an indictment in the Criminal Court of Cook county, against plaintiff in error and one William E. Dundee, for forgery.

The writing alleged to have been forged was as follows:

THE DELAWARE AND HUDSON CANAL COMPANY,
ALBANY AND SUSQUEHANNA DEPARTMENT,
ALBANY, N. Y., Aug. 23, 1872.

H. A. FONDA, Superintendent.

*To any railroad superintendent :*

The bearer, T. H. Wiley, has been employed on the A. and S. R. R. as brakeman and freight hand. He goes west to find a more lucrative position. Any courtesies shown him will be duly appreciated, and reciprocated should opportunity offer.

Very resp'y and truly yours,

H. A. FONDA, Supt.

The indictment framed upon this writing contains not a single averment of any extrinsic matter which could give the

instrument forged any force or effect beyond what appears on its face. No connection is averred between the party to whom the writing is addressed and the Chicago, Rock Island and Pacific Railroad Company, nor is it averred that the prisoner attempted to pass the writing upon that company.

The writing, if genuine, has no legal validity, as it affects no legal rights. It is a mere attempt to receive courtesies on a promise, of no legal obligation, to reciprocate them.

We are satisfied the writing in question is not a subject of forgery, and no indictment can be sustained on it, and no averments can aid it.

It is a mere letter of introduction, which, by no possibility, could subject the supposed writer to any pecuniary loss or legal liability. As well remarked by the prisoner's counsel, courtesies are not the subject of legal fraud.

The motion in arrest of judgment should have been allowed. To refuse it was error.

As no prosecution can be founded on the writing, the judgment must be reversed, and the prisoner discharged from custody.

*Judgment reversed.*