THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL MERCHANT, Defendant-Appellant.

(No. 71-14; ▮▮▮▮▮▮▮▮

Fifth District—May 16, 1972.

G. MORAN, P. J., dissenting:

Paul Bradley, of Defender Project, of Mt. Vernon, for appellant.

R. W. Griffith, Jr., State's Attorney, of Edwardsville, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

This is a companion case to our number 71-13, in which the defendant entered a plea of guilty to the offense of burglary. In the burglary matter the cause had proceeded to jury trial when the defendant asked leave to withdraw his plea of not guilty. The same was consolidated, for purposes of hearing, with this cause. The motion to withdraw the plea of not guilty was allowed and the defendant, through his counsel, asked leave to enter a plea of guilty, as a result of a plea bargaining session in which the State's Attorney had agreed that if the defendant plead guilty to burglary and forgery he would dismiss a charge of theft and would recommend a sentence of probation for two years, one year of which would be spent in Vandalia State Penal Farm, with the sentences on forgery and burglary to run concurrently.

After the defendant was admonished by the court the pleas of guilty in both causes were accepted and the court imposed sentence in accordance with the recommendation of the State's Attorney.

The appeal in this case is based upon the insufficiency of the indictment to charge the offense of forgery and the alleged improprieties in the admonishment and the alleged involuntariness of defendant's plea of guilty.

The indictment charged that the defendant "* * * committed the offense of forgery, in that he, with intent to defraud, knowingly delivered to Bernard S. Miller, Jr., a document, to wit: a prescription dated July 8, 1970, written on a prescription blank of Washington University, The Edward Mallinckrodt Department of Pediatrics, 500 South Kingshighway, St. Louis, Missouri, and purportedly signed by a Dr. W. R. Hoffman knowing to have been made and forged, said document being apparently capable of defrauding another in such a manner that it was purportedly made by Dr. W. R. Hoffman, * * *." A photocopy of the allegedly forged prescription was made a part of the indictment.

Defendant correctly contends that a void indictment is subject

to attack on appeal following a plea of guilty. (*People v. Dzielski*, 264 N.E.2d 426; *People v. Minto*, 318 Ill. 293, 149 N.E. 241.) He then argues that the indictment is void since it fails to show any intent to defraud. His reasoning is that the prescription was not the instrumentality that would cause the transfer of ownership of the drugs, only the payment of the purchase price would bring about such transfer, and since he was ready and willing to pay the purchase price the requisite intent to defraud was lacking.

Defendant's argument overlooks the broad scope of the statutory definition of "intent to defraud" contained Ill. Rev. Stat., ch. 38, sec. 17—3(b),

"An intent to defraud means an intention to cause another to assume, create, transfer, alter or terminate any right, obligation or power with reference to any person or property."

One seeking to purchase prescriptive drugs must not only pay the price thereof, he must also present to the druggist a valid prescription evidencing his entitlement to make such purchase. The druggist is prohibited by law from dispensing a prescriptive drug to anyone not possessing a valid prescription and his failure to observe such law will subject him to criminal prosecution and possible loss of license. It follows that when defendant presented the forged prescription it was clearly with the intention to cause another to assume a right or power with respect to a person or property. Paraphrased, the presentation of the prescription caused the druggist to assume he had the right to dispense a prescriptive drug (property) to the defendant (a person). Considered in another aspect, the forged prescription was capable of causing, or being used to cause, the transfer of a prescriptive drug to one not entitled to receive it. We accordingly find that the indictment was not void for the failure to allege or show the defendant was possessed of an intention to defraud.

■■ In *People ex rel. Miller v. Pate*, 42 Ill.2d 283, 246 N.E.2d 225, the Supreme Court in considering the present forgery statute (Ill. Rev. Stat., ch. 38, sec. 17—3), commented that prior to the new Criminal Code separate statutes proscribed forgery of specified types of instruments or documents, but as presently defined in the new Criminal Code, the offense of forgery codifies and incorporates all forms of forgery into a single crime. They also stated that, "This statute further defines 'intent to defraud,' and provides a comprehensive definition of a 'document apparently capable of defrauding.' This definition includes, but is not limited to, any document 'by which any right, obligation or power with reference to any person or property may be created, transferred, altered or terminated.'" The court also noted that the old distinctions in the forgery statutes between negotiable instruments and other securities are

abolished and that similarly the old pleading technicalities for indictments, which arose from these distinctions, should also be abolished.

■■ Defendant also argues that the legislature never intended the forgery section of our Criminal Code to be used to cover the improper obtaining of drugs by a false prescription, that prosecution for such an offense is limited to proceedings under Ill. Rev. Stat., ch. 38, sec. 22—39. While it is clear that prosecution of defendant in this case could have been made under the statute cited, it nowise follows that such statute was exclusive. The acts of defendant revealed by the record would have constituted a violation of either of the statutes alluded to and there is nothing to have prohibited the State's Attorney from making an election of the statutes under which he would proceed.

The contentions of the defendant regarding improper admonition prior to his plea of guilty are identical to those raised in cause 71-13, the reasoning of which is adopted here.

For the foregoing reasons the judgment of the trial court will be affirmed.

Judgment affirmed.

EBERSPACHER, J., concurs.

Mr. PRESIDING JUSTICE GEORGE J. MORAN dissenting:

Forgery cannot be predicated on a written instrument unless the instrument shows on its face that it is capable of defrauding or unless extrinsic averments are made in the indictment to show that the instrument is capable of defrauding. This principal is aptly stated in *Goodman v. People*, 228 Ill. 154, where the court pointed out that bonds, notes and other instruments in writing for the payment of money illustrated instruments which usually showed on inspection that they were capable of being used to defraud, while there were other instruments in writing where the fraudulent character of the instrument could only be shown by additional facts and circumstances. See also 19 Illinois Law and Practice, Forgery, Sec. 4, p. 543-45.

A forged prescription for a narcotic drug is not an instrument that calls for the payment of money or one that on its face creates duties or obligations. The indictment in this case describes no instrument that calls for the payment of money or one that on its face describes or creates any duty or obligation. Attached to the indictment is a copy of what appears to be a prescription blank for a substance known by the trade name of "Desoxyn", which is apparently a trade name for a particular drug, the nature of which is not ascertainable from the prescription. Since the indictment does not describe an instrument apparently

capable of defrauding and since no extrinsic averments are made in the indictment to show that it is so capable, the indictment is void.

A good illustration of instruments which on their face were not capable of defrauding but were made so by the pleading of extrinsic facts is contained in the case of *People v. Moyer*, 1 Ill.App.3d 245, 273 N.E.2d 210, where the Appellate Court upheld the validity of an indictment charging the defendant with signing a fictitious name to a sales receipt for the purpose of obtaining credit. The court stated the receipts themselves were not "apparently capable of defrauding but were made so by the pleading of sufficient extrinsic facts to render them so capable." The court also pointed out that "such documents" were the subject of the crime of forgery prior to the present statute "where averment was made of extrinsic facts showing the fraudulent character of their use."

Nor do I agree that the delivery of a forged prescription for the purpose of obtaining a narcotic drug constituted a crime under the forgery section of the New Criminal Code of 1961. (Ill. Rev. Stat. 1961, ch. 38, par. 17—3.) The Uniform Narcotic Drug Act and the Hypodermic Syringe and Needles Act, formerly Section 192.28—1 *et seq.*, of Chapter 38 were transferred and grouped in Article 22 of the New Criminal Code, while Section 17—3 codified the various sections in Chapter 38 which formerly proscribed various forms of forgery: 151, currency; 277, records and other writings; 278, securities; 279—80, bills and notes; and 401, public records. Forgery is classified in the code as an offense directed against property, while the delivery of a forged drug prescription, Ch. 38, Sec. 22—39, is classified as an offense affecting public health, safety and decency. The indictment in this case does not describe or attempt to describe an offense against property and therefore would not constitute the crime of forgery under the new code even if otherwise validly drawn.