THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUSSELL A. KELLEY, Defendant-Appellant.

Third District   No. 3—84—0121

Opinion filed January 8, 1985.

Robert Agostinelli and Gary Hicks, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Russell A. Kelley, appeals from a decision of the circuit court of Tazewell County which revoked his probation for the offense of burglary.

The defendant's conviction for the offense of burglary occurred pursuant to a negotiated plea agreement on August 24, 1983, in which the defendant was placed on 30 months' probation in return for his guilty plea.

The State sought to revoke the defendant's probation approximately two months later when it learned that the defendant's real name was not Russell A. Kelley but Ronnie Louis Taylor and that the defendant had a prior criminal conviction in the State of Florida for burglary which they were not aware of when the negotiated plea and grant of probation occurred.

The basis for the revocation attempt was the alleged commission of the offense of forgery. The State contended the forgery occurred when the defendant acknowledged receipt of the conditions of probation and signed the certificate as Russell A. Kelley instead of Ronnie Louis Taylor. The State argues that the defendant's use of the alias, Russell A. Kelley, in signing the certificate of probation constituted a violation of his probation on the day, indeed, at the moment, he was placed on probation. Furthermore, the State argues that the certificate of probation itself was a "document capable of defrauding another." Ill. Rev. Stat. 1983, ch. 38, par. 17—3(a).

We believe this novel and somewhat ingenious argument must fail for several reasons.

First of all, the mere acknowledgment of the receipt of the certificate of probation signed by the defendant was not a document capable of defrauding another within the plain meaning of the Illinois forgery statute. An instrument without apparent legal efficacy or incapable of affecting the rights of another has been repeat-

edly held to fail as a requisite subject for the offense of forgery. (*People v. Kent* (1976), 40 Ill. App. 3d 256, 350 N.E.2d 890; *Goodman v. People* (1907), 228 Ill. 154, 81 N.E. 830; *Waterman v. People* (1873), 67 Ill. 91.) Since the Illinois forgery statute did not change but merely codified prior Illinois decisions with respect to this offense (Ill. Ann. Stat., ch. 38, par. 17—3, Committee Comments, at 281 (Smith-Hurd 1983)), we believe it is not only appropriate, but necessary, to refer to decisions prior to the enactment of the statute to interpret its scope and purpose.

To the extent that the certificate of the conditions of probation affected the rights of anyone, it affected only the rights of the defendant himself. By signing it, albeit under an assumed name, the defendant acknowledged that he had received it, that he understood the conditions of probation and the consequences of his failure to comply with its terms. The document's effectiveness was in no way dependent upon the name signed by the defendant. The State's power and right to seek revocation of the defendant's probation for a legitimate violation of its terms was and is in no way compromised by the defendant's use of another name.

Secondly, since the State failed to prove that the defendant's acknowledgment of the receipt of the certificate of the conditions of probation was made or altered by one person in such a manner that it purported to have been made by another, the requisite proof to establish the commission of the offense of forgery was insufficient. The mere delivery of a document which purports to have been made by the person who in fact made it, regardless of what name the person chose to sign the document, does not establish the crime of forgery. *People v. Kollman* (1975), 33 Ill. App. 3d 629, 342 N.E.2d 240.

It has often been held that an alias is another name by which a person is known and identified. *People v. Grizzel* (1943), 382 Ill. 11, 46 N.E.2d 78; *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105.

■ Where a document has therefore been signed by a person using his own alias, he has not made a document which purports to have been made by another person. He has made, instead, a document which merely purports to have been made by himself, since he has used a name by which he is known and identified. See, *e.g.*, *State v. Mann* (1967), 250 La. 1086, 1094, 202 So. 2d 259, 262, where it was held error to refuse a jury instruction which said, *inter alia*, "If a person commonly used an alias, it is considered as much his name as his real name, and he does not violate the law by using such alias."

The gist of the issue is not whether the defendant used the name he was born with when he signed the document, but whether the document was made by one person and purported to be made by another. The State's argument suggests that a person is entitled to be known by but a single name, in this case, by the defendant's name given at birth. However, as one court has noted:

> "A man's name is simply the sound or sounds by which he is commonly designated by his fellows, and by which they distinguish him. It is a mere means of description. Sometimes a man is known by several different names ***." *State v. Howard* (1904), 30 Mont. 518, 521, 77 P. 50, 51.

Here the defendant had been charged and convicted under the name of Russell Kelley. Our review of the record indicates that he was known by others as Ronnie Louis Taylor as well. There was no evidence that he used the name with the intent to defraud anyone.

■ Finally, we believe that even if the act of using an alias constituted a crime, which it doesn't, there was no evidence which established that the specific offense of forgery occurred during the defendant's period of probation. *People v. Speight* (1979), 72 Ill. App. 3d 203, 389 N.E.2d 1342.

The order granting the defendant's probation was not signed until after the defendant had signed the certificate acknowledging the conditions of probation to be imposed. If the defendant had refused to do so, the court would clearly have had a basis to deny probation on the ground that the defendant was unwilling to accept and abide by its proposed terms.

For the foregoing reasons, the judgment and sentence of the circuit court of Tazewell County is reversed.

Judgment reversed.

HEIPLE and BARRY, JJ., concur.