THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LISA MUZZARELLI, Defendant-Appellant.

Third District No. 3—01—0200

Opinion filed May 31, 2002.

120

McDADE, J., dissenting.

Darrell K. Seigler (argued), of Ottawa, for appellant.

Joseph Hettel, State's Attorney, of Ottawa (John X. Breslin and Rita Kennedy Mertel (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Defendant Lisa Muzzarelli was charged with two counts of forgery under the Illinois Criminal Code of 1961. 720 ILCS 5/17—3(a)(1), (a)(2) (West 2000). She was found guilty on both counts. We affirm.

## FACTS

In 1999, Lisa Muzzarelli was convicted of retail theft. Prior to her sentencing hearing, the trial judge, James Lanuti, received a letter asking him for leniency in her sentencing. The letter was on a school letterhead, appeared to be signed by a teacher at the school and stated that Muzzarelli was a gifted teacher whom the school district did not wish to lose. After Muzzarelli was sentenced, the prosecutor discovered that the letter was unauthorized. During a subsequent investigation, Muzzarelli admitted to a police investigator that she had written the letter herself.

Muzzarelli was then charged with two counts of forgery pursuant to the Illinois Criminal Code. 720 ILCS 5/17—3(a)(1), (a)(2) (West 2000). She was tried on both counts. At the close of the prosecution's case, Muzzarelli filed motions to dismiss the charge and for a directed verdict. The trial court denied both motions, and the jury found Muzzarelli guilty on both counts of the indictment.

## DISCUSSION

### I

Muzzarelli argues that the letter on which these charges were based is not a document that can be the basis of a forgery charge. She first contends that the use of the word "defraud" in the forgery stat-

ute only applies to attempts to obtain economic gain. She also asserts that the letter is outside the scope of the crime of forgery because it does not affect a legal right or obligation.

## A

■ To establish the offense of forgery, the State must prove that a defendant (1) had an intent to defraud; (2) knowingly made or altered a document; (3) did so in such a manner that the document purported to have been made by another; and (4) that the document was apparently capable of defrauding another. 720 ILCS 5/17—3 (West 2000). Muzzarelli admits that she made the letter in such a manner that it purported to be made by another. However, she contends the other elements of the crime could not be proved.

Muzzarelli argues that the word "defraud" must be defined with reference to the common law definition of fraud. She states that under the common law, fraud requires some kind of legally recognized injury, such as financial injury or property loss. See *Glazewski v. Coronet Insurance Co.*, 108 Ill. 2d 243, 254, 483 N.E.2d 1263, 1268 (1985). Since her letter to Judge Lanuti could not affect any property or monetary interest, she argues that she could not be convicted of forgery.

"Intent to defraud" in the forgery statute is defined as "an intention to cause another to assume, create, transfer, alter or terminate any right, obligation or power with reference to any person or property." 720 ILCS 5/17—3(b) (West 2000). A "document apparently capable of defrauding another" is one that "includes, but is not limited to, one by which any right, obligation or power with reference to any person or property may be created, transferred, altered or terminated." 720 ILCS 5/17—3(c) (West 2000).

■ A legislative body has the power to articulate reasonable definitions of terms within a statute and may broaden or narrow the meaning that terms otherwise would have. *People v. Johnson*, 231 Ill. App. 3d 412, 419-22, 595 N.E.2d 1381, 1387-88 (1992). When the General Assembly has defined the terms relating to fraud, a court cannot look beyond the statute to determine what it means to "inten[d] to defraud" or for a document to be "capable of defrauding." See *Johnson*, 231 Ill. App. 3d at 419-22, 595 N.E.2d at 1387-88.

■ If the legislature had not spoken, Muzzarelli's argument would be an appealing one, but we cannot impose a common law definition over a statutory one. See *Heerey v. Zoning Board of Appeals*, 82 Ill. App. 3d 1088, 1091-92, 403 N.E.2d 617, 620 (1980). Because the statute adds language that includes documents affecting legal rights, obligations and powers, Illinois courts have rejected Muzzarelli's argument that only potential monetary loss is a proper focus of forgery. In

*People v. Merchant*, 5 Ill. App. 3d 636, 283 N.E.2d 724 (1972), the defendant was charged with forgery for presenting to a pharmacist a prescription that he had written and signed with the name of a doctor. Defendant argued that since he was ready to pay for the drugs, the pharmacist would have suffered no pecuniary loss; thus, intent to defraud could not be proven. *Merchant*, 5 Ill. App. 3d at 638, 283 N.E.2d at 725.

The appellate court disagreed, citing the broad definition of "intent to defraud" contained in the statute. The court noted that a pharmacist can only dispense a prescriptive drug pursuant to a valid prescription; defendant's intent to cause the pharmacist to "assume he had the right to dispense a prescriptive drug *** to the defendant" was sufficient intent to defraud. *Merchant*, 5 Ill. App. 3d at 638, 283 N.E.2d at 725.

The defendant in *People v. Gawlak*, 276 Ill. App. 3d 286, 657 N.E.2d 1057 (1995), was convicted of forgery for falsifying labels on barrels containing hazardous waste at the chemical storage and disposal facility where he worked. He argued that he had no intent to defraud, since he had not altered the labels in an effort to gain pecuniary advantage. The court held that when defendant altered the labels, his intent to affect the Illinois Environmental Protection Agency's right to monitor and regulate the hazardous waste at the plant was sufficient to constitute "intent to defraud" under the forgery statute. *Gawlak*, 276 Ill. App. 3d at 292, 657 N.E.2d at 1062.

The statutory definitions of "intent to defraud" and "apparently capable of defrauding" are broad enough to include an intent to deceive for reasons other than pecuniary gain. See *Merchant*, 5 Ill. App. 3d at 638, 283 N.E.2d at 725; *Gawlak*, 276 Ill. App. 3d at 292, 657 N.E.2d at 1062. The word "defraud" in the statute does not limit its scope, and the trial court properly denied Muzzarelli's motions.

## B

Muzzarelli also argues the long-standing rule that to prove forgery a document must have an apparent legal effect or be capable of affecting the rights or obligations of another. See *People v. Kent*, 40 Ill. App. 3d 256, 350 N.E.2d 890 (1976).

■ The crime of forgery only applies to documents that could affect another person's legal rights. *People v. Kelley*, 129 Ill. App. 3d 920, 473 N.E.2d 572 (1985); *Waterman v. People*, 67 Ill. 91 (1873). Though property or monetary loss may be the most common forgeries, they are not exclusive. See *Merchant*, 5 Ill. App. 3d at 638, 283 N.E.2d at 725; *Gawlak*, 276 Ill. App. 3d at 292, 657 N.E.2d at 1062. The statute speaks of a "right, obligation or power with reference to any *person* or property." (Emphasis added.) 720 ILCS 5/17—3(b) (West 2000).

Muzzarelli cites *Waterman v. People*, where the defendant had given to the superintendent of a railroad a falsified letter in an attempt to procure a free pass on the railroad. The letter, purported to be from the superintendent of another railroad, asked other railroad superintendents to show "courtesies" to the bearer of the letter. The court held that the letter was not a forgery because it did not create any legal obligation, even though it could cause financial loss to a railroad acting on it. *Waterman*, 67 Ill. at 92-93. Thus, if no legal obligation or right was created, the document was not a forgery even where a legally cognizable injury might exist.

■ Muzzarelli contends that her letter, like the letter in *Waterman*, merely asked Judge Lanuti to consider Muzzarelli's purported skills as a teacher. It also asked him to impose a relatively light sentence upon her, but did not require him to do so. However, there is an important distinction between the letter in *Waterman* and the letter here. No one was obligated to consider the request of the letter in *Waterman*. In contrast, Judge Lanuti was statutorily bound to consider all "evidence and information offered by the parties in aggravation and mitigation" in exercising his discretion to impose a sentence on Muzzarelli. 730 ILCS 5/5—4—1(a)(4) (West 2000).

Thus, the letter to Judge Lanuti created a legal obligation to consider its contents when sentencing Muzzarelli; it could have altered his right and obligation to impose a proper sentence in light of all of the facts available to him. The letter was capable of having a legal effect and was a proper subject of a forgery charge under the statute.

## II

■ Muzzarelli further contends that the indictment against her was insufficient because it lacks allegations of extrinsic facts sufficient to render the document "apparently capable of defrauding" and the letter does not show a tendency to defraud on its face. See *People v. Moyer*, 1 Ill. App. 3d 245, 248, 273 N.E.2d 210, 212 (1971). Here, the letter does not show a tendency to defraud on its face. It appears to be written by an acquaintance at the school where she sometimes worked as a substitute teacher and presents mitigating evidence. However, the indictment does plead sufficient extrinsic facts.

" 'An indictment which charges an offense in the language of the statute is deemed sufficient when the words of the statute so far particularize the offense that by their use alone an accused is apprised *** of the precise offense with which he or she is charged.' " *People v. Hockaday*, 93 Ill. 2d 279, 283-84, 443 N.E.2d 566, 568 (1982), quoting *People v. Patrick*, 38 Ill. 2d 255, 258 (1967). An indictment in the language of the forgery statute is sufficient to inform a defendant of

the crime with which she is charged. An indictment stating that a document is apparently capable of defrauding in that it was purported to be made by another sufficiently pleads extrinsic facts demonstrating the fraudulent character of the document. *Hockaday*, 93 Ill. 2d at 283, 443 N.E.2d at 568.

As in *Hockaday*, the indictment in this case was in the language of the forgery statute. It alleged the fraudulent character of the letter by stating that "it was purported to have been made by another." The trial judge did not err in denying Muzzarelli's motion to dismiss charge on these grounds.

## III

■ Finally, Muzzarelli contends that the State failed to prove that the document in question was one that a reasonable and ordinary person might be deceived into accepting as genuine. Evidence in a criminal case is sufficient if any reasonable fact finder could have found the elements of the crime beyond a reasonable doubt when viewing the evidence in the light most favorable to the prosecution. *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277 (1985).

At trial, the State adduced evidence that this letter was printed on Peru Public School District stationery and that it was apparently signed by a teacher in that district. Where a letter is on official letterhead, apparently signed by a person with authority to create it, a reasonable mind could fairly conclude that an ordinary and reasonable person might accept the letter as genuine. See *People v. Hagan*, 145 Ill. 2d 287, 306, 583 N.E.2d 494, 502-03 (1991). The evidence here meets the *Collins* standard for sufficiency. See *Collins*, 106 Ill. 2d at 261, 478 N.E.2d at 277.

## CONCLUSION

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

HOMER, J., concurs.

JUSTICE McDADE, dissenting:

I respectfully dissent from the opinion of the majority because I believe the finding that defendant's actions constitute forgery unnecessarily and incorrectly stretches the statutory meaning of "intent to defraud."

Defendant does not dispute the fact that she wrote a letter on letterhead of the Peru Public School District and signed it with a name other than her own. She does dispute that this was done for the purpose of defrauding anyone.

As noted by the majority, the statute defines "intent to defraud" as "an intention to cause another to assume, create, transfer, alter, or terminate any right, obligation or power with reference to any person or property." 720 ILCS 5/17—3(b) (West 2000). In the specific situation before us, defendant signed the name of a teacher in the Peru Public School District to a letter that she, herself, had written to Judge Lanuti, apparently hoping to persuade him to sentence her more leniently following her conviction for shoplifting. I believe this would appropriately be characterized as an attempt to influence the exercise of his discretion.

No right, obligation or power of Judge Lanuti was affected by virtue of defendant's action. His right to sentence defendant upon her conviction, his obligation to sentence her justly and within the statutory range, and his power to exercise his discretion in determining where within the range her actual sentence should fall all remained intact despite the receipt of defendant's letter.

If we consider this particular exercise of the court's discretion without the fact of an unauthorized signature, we can see that the judge was not "defrauded." We know that judges in criminal cases receive letters—sometimes they are flooded with them—from people advancing arguments for greater or lesser leniency in sentencing a convicted defendant. Some of the letter writers are truthful, honestly portraying defendant as worthy of compassion or deserving of the maximum penalty. Others are perhaps devious or misleading, but hopeful of gaining either more favorable or more punitive treatment. And still others may be downright dishonest in putting forth their arguments. It is the function of the judge to review and weigh *all* of this input. The dishonest letters do not modify any right, obligation, or power of the judge any more than the truthful ones do.

Similarly, Muzzarelli's letter with the false signature did not modify, nor was it capable on its face of modifying, any right, obligation or power of Judge Lanuti. Indeed, the State reports at page 12 of its brief that, while the judge did not actually know the document was false prior to sentencing, he had concerns about it because it was on a school district letterhead and suggested a term limited to weekends. He testified that he considered the letter (as he was statutorily required to do) but did not know how much weight he gave it. The statute does not, in fact, require that he give it any weight or any credence—only that he read and assess it. It bears noting that the letter did not achieve its purpose. The defendant was not sentenced to weekends as the letter recommended but, rather, was required to serve two years in the Department of Corrections.

I believe that this is the first time the forgery statute has been ap-

plied to this particular situation, and I think we must be cautious not to extend it beyond the legislature's intended reach. Defendant has cited a plethora of cases, ranging from ancient to recent, finding the statute inapplicable because the interest affected was not a legal right in property or money.

In arguing that the statute is applicable in the present circumstance, the State relied almost exclusively on the Illinois Supreme Court's decision in *People v. Hagan*, 145 Ill. 2d 287, 583 N.E.2d 494 (1991), in which the court found that a letter misrepresenting defendant's bank balances in two accounts was capable of defrauding. In my opinion, neither *Hagan, People v. Gawlak*, 276 Ill. App. 3d 286, 657 N.E.2d 1057 (1995), nor *People v. Merchant*, 5 Ill. App. 3d 636, 283 N.E.2d 724 (1972), each of which is discussed in the opinion, supports the result reached by the majority.

In *Hagan*, the counterfeit letter was capable of altering or terminating the right of a property owner to enter into a lease agreement only with a person with adequate financial resources because the letter represented falsely that defendant was financially secure rather than relatively insolvent. In *Gawlak*, defendant falsified labels on barrels of hazardous waste at the disposal facility where he was employed. In so doing, he impeded the Illinois Environmental Protection Agency's right and obligation to monitor and regulate hazardous waste by providing data that falsely indicated there was no problem with the waste levels. Similarly in *Merchant*, defendant's forged prescription deprived the pharmacist of his right, power and obligation to issue regulated medication only when authorized by a doctor to do so.

In each of these cases, a legal right has been either short-circuited or deprived. By contrast, a judge's statutory right, power or obligation to consider evidence and information in mitigation or aggravation is not undermined by a false letter, even one with a counterfeit signature.

My departure from the opinion of the majority is very narrow but, I think, very important. We open a Pandora's box and render a statute vague and overly broad by judicial action when we artificially stretch its reach, and I think that is what this decision does. Moreover, there is no need to do so because there are other more appropriate legal vehicles for punishing this defendant's misconduct.

For these reasons, I believe the trial court should have granted the motion to dismiss, and having not done so, should have granted defendant's motion for directed verdict. I would reverse defendant's conviction for forgery and I, therefore, dissent.